**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| TINY GREEN-BROWNING,<br><br>        Plaintiff,<br><br>    v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., et al.,<br><br>        Defendants. | Case No. 16-cv-04638-BLF<br><br>**ORDER GRANTING IN PART AND DENYING IN PART TD BANK'S MOTION TO DISMISS SECOND AMENDED COMPLAINT WITHOUT LEAVE TO AMEND; AND VACATING OCTOBER 5, 2017 HEARING**<br><br>[RE: ECF 94] |

Plaintiff Tiny Green-Browning sues Defendants Experian Information Solutions, Inc. and TD Bank USA, N.A. for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, and the California Consumer Credit Reporting Agencies Act ("CCRAA"), California Civil Code § 1785.25(a).

Experian has answered the operative second amended complaint ("SAC"). This order addresses TD Bank's motion to dismiss the SAC under Federal Rule of Civil Procedure 12(b)(6). The motion is SUBMITTED for disposition without oral argument and the hearing set for October 5, 2017 is VACATED. *See* Civ. L.R. 7-1(b). For the reasons discussed below, TD Bank's motion is GRANTED WITHOUT LEAVE TO AMEND as to Green-Browning's FCRA claim and DENIED as to her CCRAA claim.

**I. BACKGROUND[1]**

Green-Browning filed for Chapter 13 bankruptcy protection on December 31, 2013, and her plan was confirmed on February 14, 2014. SAC ¶¶ 72, 76. On March 19, 2016, Plaintiff ordered a three bureau report from Experian which contained four inaccurate trade lines ("March

---

[1] Green-Browning's well-pled factual allegations are accepted as true for purposes of the motion to dismiss. *See Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011).

2016 Credit Report"). *Id.* ¶¶ 77-78. One of the four trade lines reflected that TD Bank was reporting both a balance of $0.00 and a past due balance of $1,221 with respect to account #4352XXX. *Id.* ¶ 80. The report stated that the account was included in Green-Browning's bankruptcy. *Id.* Green-Browning nonetheless believed the report was "inaccurate and misleading" because "it is facially impossible to owe $0.00 and be past due at the same time." *Id.* Green-Browning disputed the four inaccurate trade lines, including the trade line regarding the TD Bank account, via certified mail sent on May 4, 2016 to three different credit reporting agencies ("CRAs"), Experian, Equifax, Inc., and TransUnion, LLC. *Id.* ¶ 81. Each CRA received the dispute letter and in turn notified the entities that had furnished the disputed information. *Id.* ¶ 85.

TD Bank responded to the notification of dispute by updating the trade line to remove the bankruptcy notation and change the account status to "in collections and charged off." SAC ¶ 88. Green-Browning discovered TD Bank's update to the trade line when she ordered a second credit report from Experian on June 8, 2016 ("June 2016 Credit Report"). *Id.* ¶ 86. Green-Browning did not dispute the updated trade line after obtaining the June 2016 Credit Report. Instead she filed the present action on August 12, 2016, asserting violations of the FCRA and CCRAA against multiple CRAs and furnishers. Compl., ECF 1. She filed a first amended complaint ("FAC") as of right on October 3, 2016. Am'd Compl., ECF 36. Following dismissal of the FAC with leave to amend, Green-Browning filed the operative SAC against only Experian and TD Bank. SAC, ECF 90. Experian has answered, and TD Bank now moves to dismiss the SAC.

## II. LEGAL STANDARD

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). When determining whether a claim has been stated, the Court accepts as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff. *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011). However, the Court need not "accept as true allegations that contradict matters properly subject to judicial notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or

2

unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks and citations omitted). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## III. DISCUSSION

The SAC contains two claims, one for violation of the FCRA (Claim 1) and the other for violation of the CCRAA (Claim 2). TD Bank seeks dismissal of both claims under Rule 12(b)(6).

### A. FCRA (Claim 1)

The FCRA creates a private right of action against furnishers for noncompliance with duties imposed under 15 U.S.C. § 1681s-2(b). *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154 (9th Cir. 2009). Section 1681s-2(b) imposes certain obligations on a furnisher, such as a duty to conduct an investigation, when the furnisher receives notice from a CRA that a consumer disputes information reported by the furnisher. *Id.* A plaintiff is required to plead and prove four elements to prevail on an FCRA claim against a credit furnisher: "(1) a credit reporting inaccuracy existed on plaintiff's credit report; (2) plaintiff notified the consumer reporting agency that plaintiff disputed the reporting as inaccurate; (3) the consumer reporting agency notified the furnisher of the alleged inaccurate information of the dispute; and (4) the furnisher failed to investigate the inaccuracies or further failed to comply with the requirements in 15 U.S.C. 1681s-2(b) (1)(A)-(E)." *Denison v. Citifinancial Servicing LLC*, No. C 16-00432 WHA, 2016 WL 1718220, at *2 (N.D. Cal. Apr. 29, 2016). A furnisher's duties under § 1681s-2(b) of the FCRA arise "only after the furnisher receives notice of dispute from a CRA." *Gorman*, 584 F.3d at 1154.

The Court previously granted TD Bank's motion to dismiss Green-Browning's FCRA claim, as framed in the FAC, after concluding that Green-Browning had not alleged a credit reporting inaccuracy as required under the first element listed above. Order Granting Motions to Dismiss FAC, ECF 88. In particular, the Court noted that although Green-Browning complained about "multiple trade lines" in the March 2016 Credit Report, she did not provide any specifics

3

regarding the contents of those trade lines. *Id.* at 6. Moreover, the Court rejected Green-Browning's argument that an inaccuracy exists whenever a pre-confirmation debt or delinquency is reported after plan confirmation. *Id.* at 7-10. However, the Court granted leave to amend based on its view that "Plaintiff might be able to allege the existence of an inaccuracy based on TD Bank's reporting of specific debt amounts or delinquencies after confirmation of Plaintiff's Chapter 13 plan *if the reporting contained no mention of Plaintiff's bankruptcy*." *Id.* at 16 (emphasis added).

In the SAC, Green-Browning alleges that the TD Bank trade line in the March 2016 Credit Report reflected both a $0.00 balance and a past due balance of $1,221, and that the trade line showed the account was included in her bankruptcy. SAC ¶ 80. While these allegations cure the lack of specificity noted in the prior order, the Court is not persuaded that they establish the existence of a reporting inaccuracy. Green-Browning alleges that the trade line was "inaccurate and misleading" because "it is facially impossible to owe $0.00 and be past due at the same time." SAC ¶ 80. However, that discrepancy arguably is explained by the information that the account was included in Green-Browning's bankruptcy. It may be that the pre-confirmation past-due balance was $1,221 but that under the Chapter 13 plan Green-Browning was to pay $0.00.

Even assuming that the trade line was inaccurate, Green-Browning has not alleged that TD Bank failed to investigate the notification of dispute. To the contrary, she alleges that TD Bank responded to the notification of dispute by removing the bankruptcy notation and changing the account status to "in collections and charged off." SAC ¶ 88. Green-Browning's real complaint is that she does not like the manner in which TD Bank responded. She alleges that "[b]y removing the bankruptcy notation TD Bank has now alerted the lending world that Plaintiff is not addressing her outstanding debts. This is simply not true." *Id.* ¶ 93. As pointed out by TD Bank in its motion, however, Green-Browning *does not allege that she disputed* the trade line in the June 2016 Credit Report which omitted mention of her bankruptcy and stated that her account was in collections and charged off. As discussed above, a furnisher's duties under the FCRA arise only after the furnisher receives notice of a particular dispute from a CRA. *Gorman*, 584 F.3d at 1154.

Green-Browning argues that she is entitled to bring an FCRA claim based on the TD Bank

4

trade line in the June 2016 Credit Report even though she never disputed that trade line, because her earlier dispute letter regarding the March 2016 report put TD Bank "on notice that Plaintiff had filed for bankruptcy and to investigate the proper way to report an account once a bankruptcy has been filed," and "noted issues regarding the past due balances and also noted that the accounts should not be listed as in collections or charged off." SAC ¶¶ 82-83. As TD Bank points out, Green-Browning cites no authority for the proposition that a consumer who preemptively notifies CRAs of an anticipated dispute thereafter may dispense with the legal requirement that she provide CRAs with notice once the actual dispute manifests.

Green-Browning's reliance on *Robinson* and *Conrad* is misplaced. In *Robinson*, the district court held that a plaintiff may assert an FCRA claim based on allegations that the furnisher failed to investigate after being notified that the plaintiff disputed the characterization of an account as "in collections." *Robinson v. Transunion*, LLC, No. 5:16-CV-03346-EJD, 2016 WL 5339807, at *4 (N.D. Cal. Sept. 23, 2016). In *Conrad*, the court held that a plaintiff may assert an FCRA claim based on the failure to mention his bankruptcy in credit reporting. *Conrad v. Experian Info. Sols., Inc.*, No. 16-CV-04660 NC, 2017 WL 1739167, at *6 (N.D. Cal. May 4, 2017). This Court agrees that reporting inaccuracies such as those described in *Robinson* and *Conrad* may give rise to an FCRA claim where the plaintiff alleges the required elements of notification of the dispute and failure to investigate. Green-Browning does not allege that she notified CRAs of a dispute with respect to the TD Bank trade line in the June 2016 Credit Report, or that CRAs in turn notified TD Bank of such dispute. She therefore does not allege facts sufficient to show that TD Bank's investigation obligation was triggered with respect to the June 2016 Credit Report.

Accordingly, TD Bank's motion to dismiss the FCRA claim is GRANTED.

**B.      CCRAA (Claim 2)**

The CCRAA provides in relevant part that: "A person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate." Cal. Civ. Code § 1785.25(a). The plaintiff need only allege facts showing that the furnisher knew or should have known of the

5

inaccuracy – there is no requirement under § 1785.25(a) of the CCRAA that a notice of dispute be transmitted from the plaintiff to a CRA and then from a CRA to the furnisher. *See Herrera v. AllianceOne Receivable Mgmt., Inc.*, 170 F. Supp. 3d 1282, 1287 (S.D. Cal. 2016) (CCRAA claim adequate where plaintiffs alleged that they attempted to notify the defendant furnisher to explain that a demand order referenced a different person); *Vartanian v. Portfolio Recovery Assocs., LLC*, No. 2:12-CV-08358-ODW, 2013 WL 877863, at *5 (C.D. Cal. Mar. 7, 2013) (CCRAA claim adequate where plaintiff alleged that he sent dispute letters directly to furnisher).

Green-Browning alleges that TD Bank "intentionally and knowingly reported misleading and inaccurate account information to the CRAs that did not comport with well-established industry standards." SAC ¶ 144. More particularly, she alleges that TD Bank knew the information it reported to the CRAs was misleading and inaccurate based on "the bankruptcy notices, disputes [sic] letters from all three credit reporting agencies, the consumer data industry resource guide, and results of its investigation." *Id.* ¶ 148. Green-Browning also states that TD Bank was given notice "of the plan confirmation and proof of claim forms sent by the U.S. Bankruptcy Court." *Id.*

The Court previously declined to address the merits of Green-Browning's CCRAA claim against TD Bank, stating that unless and until Green-Browning alleged a viable federal claim, the Court would decline to exercise supplemental jurisdiction over her state law CCRAA claim. Order Granting Motions to Dismiss FAC, ECF 88. As noted above, Experian has answered the SAC, specifically, the FCRA claim. Experian's Answer, ECF 93. Accordingly, the Court now finds it appropriate to address the merits of Green-Browning's CCRAA claim.

TD Bank argues that Green-Browning's CCRAA claim is subject to dismissal on the same grounds as her FCRA claim. However, the FCRA claim is subject to dismissal based on Green-Browning's failure to allege that she notified CRAs that she disputed the TD Bank trade line in the June 2016 Credit Report, that a CRA in turn notified TD Bank of the dispute, and that TD Bank failed to investigate such dispute. These pleading deficiencies are fatal to her FCRA claim because a furnisher's duties under § 1681s-2(b) of the FCRA arise "only after the furnisher receives notice of dispute from a CRA." *Gorman*, 584 F.3d at 1154. In contrast, "Section

1785.25(a) lacks § 1681s–2(b)'s CRA-dispute-notification trigger." *Vartanian*, 2013 WL 877863, at *5. TD Bank's reliance on *Carvalho* for the general proposition that judicial interpretation of the FCRA is "entitled to substantial weight when interpreting" the CCRAA does not advance its position under these circumstances. *Carvalho v. Equifax Info. Servs. LLC*, 629 F.3d 876, 889 (9th Cir. 2010) (internal quotation marks and citation omitted).

TD Bank has not challenged Green-Browning's allegations that it knew or should have known that it was reporting inaccurate information to CRAs, or asserted any other pleading deficiency. Accordingly, the motion to dismiss the CCRAA claim is DENIED.

## IV. LEAVE TO AMEND

Having concluded that TD Bank is entitled to dismissal of Green-Browning's FCRA claim, the Court must determine whether leave to amend is warranted. In making that determination, the Court must consider the factors set forth by the Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962), and discussed at length by the Ninth Circuit in *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir. 2003). A district court ordinarily must grant leave to amend unless one or more of the *Foman* factors is present: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendment, (4) undue prejudice to the opposing party, and (5) futility of amendment. *Eminence Capital*, 316 F.3d at 1052. "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Id.* However a strong showing with respect to one of the other factors may warrant denial of leave to amend. *Id.*

The first factor (undue delay), second factor (bad faith), and fourth factor (undue prejudice) do not weigh against granting leave to amend. However, the third factor (failure to cure deficiencies) and the fifth factor (futility of amendment) weigh heavily against granting leave. The SAC is Green-Browning's third attempt to allege a viable FCRA claim against TD Bank. She has clarified that her FCRA claim is grounded in the TD Bank trade line in the June 2016 Credit Report. There is no indication that she could amend her pleading to allege that she sent CRAs dispute letters regarding the June 2016 Credit Report, or that such dispute was forwarded to TD Bank. Absent such allegations, she cannot allege a viable claim against TD Bank under the FCRA. Leave to amend therefore is not warranted.

## V. ORDER

TD Bank's motion to dismiss the SAC is

(1) GRANTED WITHOUT LEAVE TO AMEND as to the FCRA claim; and

(2) DENIED as to the CCRAA claim.

Dated: September 29, 2017

_____
BETH LABSON FREEMAN
United States District Judge